UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
MARCEL STOHNER ANTONIO,             :
                                    :
          Petitioner,               :    Civ. No. 20-2783 (NLH)
                                    :
     v.                             :    OPINION
                                    :
                                    :
DAVID E. ORTIZ,                     :
                                    :
          Respondent.               :
_____:

APPEARANCE:

Marcel Stohner Antonio
72270-050
FCI Fort Dix
Inmate Mail/Parcels
EAST: P.O. BOX 2000
Fort Dix, NJ 08640
     Petitioner Pro se

HILLMAN, District Judge

     Petitioner Marcel Stohner Antonio seeks to bring a petition

for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  See ECF

No. 1 (petition).

     Under the local rules, "[u]nless prepared by counsel,

petitions to this Court for a writ of habeas corpus . . . shall

be in writing (legibly handwritten in ink or typewritten),

signed by the petitioner or movant, on forms supplied by the

Clerk."  L. Civ. R. 81.2(a).  Petitioner did not submit his

habeas petition on the Clerk's form.

For the reason set forth above, the Clerk of Court will be ordered to administratively terminate this Petition without prejudice.[1]  The Clerk will be instructed to reopen this matter once Petitioner submits the appropriate Clerk's form.  An appropriate Order will be entered.


Dated: April 1, 2020                      s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).