```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MARCEL STOHNER ANTONIO, | |
|     Petitioner, | Civ. No. 20-2783 (NLH) |
| v. | OPINION |
| DAVID E. ORTIZ, | |
|     Respondent. | |

APPEARANCES:

Marcel Stohner Antonio
C/O Elena Antonio
1075 S. Jefferson Street #123
Arlington, VA 22204

    Petitioner Pro se

HILLMAN, District Judge

    Marcel Stohner Antonio, a former federal prisoner at FCI Fort Dix,[1] has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2241 arguing that the trial court was without jurisdiction to try his criminal case because "Title 18 USC § 3231 was NEVER authorized to be included in H.R. 3190 or signed into ANY Public Law!!"  ECF No. 5 at 6 (emphasis in original).  For the reasons expressed below, this Court will dismiss the petition for lack of jurisdiction.

---

[1] The petition is not moot even though Petitioner has finished his custodial term because he remains on supervised release and is challenging the validity of his conviction.

I.  BACKGROUND

Petitioner pled guilty to possession of visual depictions of minors engaging in sexually explicit conduct, 18 U.S.C. § 2252(a)(4)(B).  United States v. Antonio, No. 2:17-cr-00059 (E.D. Va. Sept. 6, 2017) (ECF No. 21).[2]  The trial court sentenced him to a total of 24-months imprisonment with 15 years of supervised release.  Id. (Mar. 5, 2018) (ECF No. 37).  Petitioner did not file a direct appeal.  His motion to correct, vacate, or set aside his federal conviction on October 26, 2018, id. (oct. 26, 2018) (ECF No. 44), was recently dismissed by the sentencing court, id. (Dec. 31, 2020) (ECF No. 70).

Petitioner submitted the instant petition on April 15, 2020.  ECF No. 1.  The Court originally administratively terminated the petition as Petitioner did not submit the Clerk's form for § 2241 petitions.  ECF No. 2.  Petitioner thereafter submitted an amended petition, ECF No. 5.  The Court reopened the matter for review.

II.  DISCUSSION

A.  Legal Standard

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant.  The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent

---

[2] The Court takes judicial notice of these public filings.

2

standards than more formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

B.  Analysis

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).  Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)).  "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless

3

the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

Petitioner argues his petition could not be filed in the sentencing court because it was an attack on the jurisdiction of the sentencing court itself: "A 2nd or successive § 2255 is returned to the trial/sentencing judge; and is thereby COMPLETELY INEFFECTIVE since the judge has a vested interest in outcome." ECF No. 5 at 4. Petitioner argues that the trial court lacked criminal jurisdiction to try his case because 18 U.S.C. § 3231, which provides that "[t]he district courts of the United States shall have original jurisdiction ... of all offenses against the laws of the United States," was not properly enacted into law.

Section 2255 contains an explicit provision that permits "[a] prisoner in custody under sentence of a court established by Act of Congress claiming ... that the court was without jurisdiction to impose such sentence" to file a motion to vacate, set aside, or correct the sentence in the sentencing court. 28 U.S.C. § 2255(a). Since the plain text of the statute permits a prisoner to challenge the jurisdiction of the trial court via § 2255, it is not ineffective or inadequate such that this Court would have jurisdiction under § 2241.

4

Petitioner could have raised this argument in his first § 2255, which was not dismissed until December 31, 2020.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  Because Petitioner has already filed a motion under § 2255, he cannot file a second or successive motion without the permission of the Fourth Circuit. 28 U.S.C. §§ 2244, 2255(h).  The Court finds that it is not in the interests of justice to transfer the petition because the arguments raised are "unbelievably frivolous."  See United States v. States, 242 F. App'x 362 (7th Cir. 2007).  Nothing in this opinion should be construed as preventing Petitioner from asking permission from the Fourth Circuit himself if he so chooses.

III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is dismissed for lack of jurisdiction.

An appropriate order will be entered.

Dated: January 28, 2021            s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.